UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 16-12322-RWZ


BADR BRAYAK, AHMED GHARRARI, HAMID KACI,
ADIL ABDELJALIL, KHALID AKOUHAR, MOHAMED ESSAFI,
and TAOUFIK BOUCHRIT,
on behalf of themselves and all others similarly situated

v.


NEW BOSTON PIE, INC., and CHARBEL RIZKALLAH


MEMORANDUM OF DECISION

November 14, 2017


ZOBEL, S.D.J.


Plaintiffs are former delivery drivers for a Domino's Pizza franchise in East Boston.  They bring this putative wage and hour class action against their former employer, franchisee New Boston Pie, Inc., and its owner-operator Charbel Rizkallah. Before the court is plaintiffs' motion for class certification (Docket # 19).  For the following reasons, plaintiffs' motion is ALLOWED IN PART and DENIED IN PART.

## I.      Factual Background

Between 2013 and 2016, plaintiffs received an hourly wage of $4.00-$5.00 plus

tips, known as a "tipped minimum wage."[1]  Compl. ¶ 15, Docket #19, at 5 (Mot. for

Class Cert.).  Defendants imposed on customers a delivery charge of about $3.00,

Compl. ¶ 17, of which they paid drivers a flat amount ($1.25 as of May 2017) for gas

mileage and retained the remainder.[2]  Docket # 19-4, at 33:11-34:21 (Rizkallah

Deposition).  Plaintiffs regularly worked more than 40 hours per week but did not

receive overtime compensation.  Compl. ¶¶ 27–29.

This case is the most recent iteration of Domino's delivery drivers' challenges to

the wage practices of their franchisee employers.  See, e.g., Tigges v. AM Pizza, Inc.,

Nos. 16-10136, 16-10474, 2016 WL 4076829 (D. Mass. Jul. 29, 2016); Mooney v.

Domino's Pizza, Inc., No. 14-13723, 2016 WL 5476996 (D. Mass. Sept. 1, 2016).  In

the instant action, plaintiffs allege three violations of the wage laws.  First, they claim

that defendants failed to pay overtime wages, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Massachusetts Wage Act, Mass. Gen.

Laws ch. 149, § 148.  They next contend that defendants' practice of charging

customers for delivery without remitting that entire charge to drivers constitutes a

---

[1]      The regular hourly minimum wage under Massachusetts law was $8.00 prior to January 1, 2015, see St. 2006, ch. 271, § 2, eff. Jan. 1, 2008; $9.00 effective January 1, 2015, see St. 2014, ch. 144, § 28, eff. Jan. 1, 2015; and $10.00 effective January 1, 2016, see id. at § 29.  See Mass. Gen. Laws ch. 151, § 1.

[2]      Drivers used their personal vehicles to make deliveries, and paid for their own gas and maintenance.  Docket # 19-4, at 35:12-17 (Rizkallah Deposition).

violation of the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A.  Finally,

plaintiffs allege violations of state and federal minimum wage requirements because

defendants paid them tipped minimum wages even for non-tipped "inside work"

such as folding pizza boxes in the store; failed to provide written notice of the Tips Law;

and unlawfully retained some of the drivers' tips in the form of delivery charges, all in

violation of Mass. Gen. Laws ch. 149, § 152A and its implementing regulations at 454

CMR § 27.03(2), and the FLSA.

The delivery charge and inside work claims have received thorough treatment in

a recent decision of this court certifying a nearly identical class.[3]  See Mooney, 2016

WL 5476996.  I fully adopt Judge Talwani's analysis and conclusions in that case and

ALLOW plaintiff's motion to certify the driver class.  Therefore, I examine here only the

new claim for overtime wages.

## II.      Discussion

It is undisputed that plaintiffs, as restaurant workers, are exempt from the state

overtime law.  Mass. Gen. Laws ch. 151A, § 1A(14) (defining the state overtime law and

stating that "[t]his section shall not be applicable to any employee who is employed . . .

as a restaurant worker").  They nonetheless bring a state claim for overtime wages, but

under the state Wage Act, which provides, *inter alia*, that:

> Every person having employees in his service shall pay weekly or
> bi-weekly each such employee the wages earned by him to within six
> days of the termination of the pay period during which the wages were

---

[3]      In Mooney, Judge Talwani certified two classes: a "Service Charge Class" and a "Minimum Wage Class."  2016 WL 5476996 at *9.  The former was certified as to the delivery charge claim and the latter as to the inside work claim; both are brought here within one proposed "Driver Class." Compl. ¶¶ 33, Counts I–II; Docket # 19, at 17 (Mot. for Class Cert.).

earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week . . .

Mass. Gen. Laws ch. 149 § 148 (emphasis added).  Plaintiffs contend that defendants have violated this provision by failing to timely remit all "wages earned," inclusive of payments required under <u>federal</u> overtime law, 29 U.S.C. § 207.

They rely for this proposition on another recent case of this court, <u>Carroca v. All Star Enterprises and Collision Center, Inc.</u>, No. 12-11202, 2013 WL 3496537 (D. Mass. Jul. 10, 2013).  In that case, the court allowed the individual plaintiff's motion for summary judgment on two counts of overtime violations.  <u>Id.</u> at *2-3.  The plaintiff, an auto body repairman, was, like the instant plaintiffs, exempt from state overtime protections.  <u>See</u> Mass. Gen. Laws ch. 151A, § 1A(15).  To vindicate his rights to federal overtime, he brought claims under both the FLSA and the Massachusetts Wage Act.  Concluding that defendants had violated federal law, the court further reasoned that the "garageman" exemption

> is not relevant where the plaintiffs are <u>not</u> alleging a violation of the <u>state</u> overtime wage law, Mass. Gen. L. c. 151 § 1A, but instead allege a violation under Mass. Gen. L. c. 149 § 148 [the Wage Act] governing the timing of wage payments of payments due here under <u>federal</u> overtime law.  Accordingly, the Defendants are liable under Mass. Gen. L. c. 149 § 148, where they did not pay all of 'the wages earned by him' within the statutory pay period.

<u>Id.</u> at *3 (emphasis in original).  Holding that plaintiff could recover under either the FLSA or Wage Act but not both, the court permitted recovery pursuant to the state statute's more generous provision of treble damages.  <u>Id.</u> at *4.

I am not persuaded that the same logic extends to the class action context.  It is well settled that federal overtime claims must be brought as collective actions under 29 U.S.C. § 216(b) rather than as class actions under Fed. R. Civ. P. 23.  See Pike v. New Generation Donuts, LLC, No. 12-12226, 2016 WL 707361 at *1, n.1 (D. Mass. Feb. 20, 2016) (citing Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 58 (1st Cir. 2013)). "Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment." Id. at *3 (quoting Iriarte v. Café 71, Inc., 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015).  See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  See also Cameron–Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240,1248 (11th Cir. 2003) (discussing Congress's intent to prevent Rule 23 class actions in adding the "opt-in" language). And this is not the case in which plaintiffs with independently valid state and federal claims seek class certification of both together.  See Trezvant v. Fid. Employer Servs. Corp., 434 F. Supp. 2d 40, 57–58 (D. Mass. 2006) (collecting cases granting Rule 23 class certification to state wage violations not contingent on FLSA violations, where plaintiffs also alleged FLSA violations).  Instead, plaintiffs first cite federal overtime protections as a basis for state Wage Act recovery, but later disclaim the federal scheme governing those protections when it carries less advantageous procedural requirements.  Thus, although plaintiffs assert a state law claim, what is at bottom an action to recover federally mandated overtime wages cannot circumvent the opt-in

collective action procedures set forth in Section 216.[4]  See id.

## III.    Conclusion

For the reasons set forth above and in the Mooney decision, Plaintiffs' Motion for

Class Certification (Docket # 19) is ALLOWED as to the "Driver Class" on the inside

work and delivery charge claims (Counts I and II), and DENIED as to the "Overtime

Class" (Count V).  The "Driver Class" is certified as follows:

> All individuals who have worked as delivery drivers for the defendants at
> any time from November 19, 2013 to the present.

Pursuant to Rule 23(g), the court appoints Stephen Churchill and Brian Casavant

of Fair Work, P.C., as class counsel based on their qualifications and experience.  See

Docket ## 19-2, 19-7.

The court further appoints the named plaintiffs as class representatives.

By December 7, 2017, after conferring with defendants' counsel, class counsel

shall submit a proposed Notice to the Class—which shall include a description of the

claims in this case, the class, the class representatives, and class counsel—and

propose to the court a plan for providing notice of the certification of the class to the

class.  Defendants may file any response to the proposed notice and plan no later than

---

[4]       I recognize that the Wage Act provides for class proceedings, but I am not convinced that
plaintiffs may avail themselves of such proceedings to collect overtime wages to which they are only
entitled under a federal law with different requirements.  See Mass. Gen. Laws ch. 149, § 150 ("employee
claiming to be aggrieved by a violation of [the Wage Act] may . . .  institute and prosecute in his own name
and on his own behalf, or for himself and others similarly situated, a civil action").  See also Machado v.
System4 LLC, 989 N.E.2d 464, 470 (Mass. 2013) (recognizing "very legitimate policy rationales underlying
the Legislature's decision to provide for class proceedings under the Wage Act').

fourteen days thereafter.  A hearing is scheduled on January 9, 2018, at 2:30 p.m.


    November 14, 2017                                        /s/Rya W. Zobel

DATE                                                   RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE